IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.

MANDY SMITH,

       Plaintiff,

v.

ALPHABET, INC., a Delaware corporation, and GOOGLE, LLC,
a Delaware limited liability company,

       Defendants.

---

**DEFENDANT ALPHABET, INC. AND GOOGLE, LLC'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1331, 1332, 1441, AND 1446**

---

PLEASE TAKE NOTICE that Defendant Alphabet, Inc. ("Alphabet") and Defendant Google, LLC ("Google") hereby remove the above referenced action from the County Court of Boulder County, Colorado, to the United States District Court for the District of Colorado, pursuant to 28 U.S.C. sections 1331 (federal question original jurisdiction), 1332 (diversity original jurisdiction), 1441 (removal jurisdiction), and 1446 (removal procedures).

## I.     NATURE OF ACTION

1.     On or about December 4, 2025, Plaintiff Mandy Smith ("Plaintiff") filed a Complaint for a Civil Case (the "Complaint") against Defendants Alphabet and Google (the "Defendants") in the County Court of Boulder County, Colorado (the "State Court"), entitled *Mandy Smith v. Alphabet Inc.; Google, LLC*, Case No. 25CV224 (the "State Action"). While Plaintiff's Complaint was submitted on a form for the United States District Court, she actually filed the Complaint in the State Court. A true and correct copy of the Complaint is attached hereto as **Exhibit A**.

1

DEFENDANTS ALPHABET, INC. AND
GOOGLE, LLC'S NOTICE OF REMOVAL
OF ACTION PURSUANT TO
28 U.S.C. §§ 1331, 1332, 1441, AND 1446

2.       The Complaint alleges three (3) causes of action for: (1) Violation of the Age Discrimination in Employment Act (the "ADEA"); (2) Violation of the Older Workers Benefit Protection Act (the "OWBPA"); and (3) Violation of the Americans with Disabilities Act (the "ADA").  (Ex. A, Compl. at 5.)

3.       Defendants have not been served and are awaiting service.  True and correct copies of all pleadings, processes and orders on file with the State Court are attached hereto as **Exhibit A**, **Exhibit B** (Summons), **Exhibit C** (State Court Civil Case Cover Sheet), and **Exhibit D** (the State Court's Finding and Order Concerning Payment of Fees).

4.       Pursuant to Local Rule 81.1, other than the documents attached hereto as Exhibits A through D, no other process, pleadings, or orders have been filed or served in the State Court Action, except for Plaintiff's Motion to Proceed in Forma Pauperis (a document sealed by the State Court that has not been served on Defendants), which is no longer pending.  The State Court's order on this Motion is attached as Exhibit D.  Defendants are concurrently filing the State Court's Register of Actions, as of the date of this Notice of Removal.

## II.       REMOVAL IS TIMELY

5.       This Notice of Removal is timely, as not more than thirty (30) days have elapsed since the Complaint was filed on December 4, 2025, and less than one year has elapsed since the commencement of this action.  28 U.S.C. § 1446(b).  Removal of this action to the above-reference Court is therefore timely.

## III.      FEDERAL QUESTION JURISDICTION

6.       This Court has original jurisdiction over all three claims Plaintiff raises in the Complaint pursuant to (1) the Age Discrimination in Employment Act (the "ADEA"), 29 U.S.C. § 621, *et seq*.; (2) the Older Workers Benefit Protection Act (the "OWBPA"); and (3) the Americans with Disabilities Act (the "ADA"), 42 U.S.C. § 12111, *et seq*.  (Ex. A, Compl. p. 5.) These claims raise federal questions with original jurisdiction under 28 U.S.C. § 1331, which

- 2 -

DEFENDANTS ALPHABET, INC. AND GOOGLE, LLC'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1331, 1332, 1441, AND 1446

states that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  A suit may be removed to federal court under the original jurisdiction removal statute if it could have been brought there originally.  28 U.S.C. §1441(a).  Plaintiff acknowledged that this Court has original jurisdiction by checking the box for federal question jurisdiction on the form complaint she filed.  (Ex. A, Compl. at 3-4.)

7.    This Court has original federal question jurisdiction under 28 U.S.C. §1331, 1441(a), and 1446 because the allegations in Plaintiff's Complaint are based on claims asserted under the laws of the United States of America.  *L'Ggrke v. Asset Plus Corp.*, 641 Fed.Appx. 779, 782 (10th Cir. 2016) (holding the district court "indisputably had federal question jurisdiction under § 1331 over plaintiff's claim" where "her state court complaint claimed defendants' conduct constitutes violation of . . . the ADEA and the ADA."); *American Airlines, Inc. v. Cardoza-Rodriguez*, 133 F.3d 111, 115 n.1 (1st. Cir. 1998) (holding that "a claim under the ADEA and OWBPA, clearly presents a wholly federal question" and "arises under 28 U.S.C. § 1331").

## IV.    DIVERSITY JURISDICTION

8.    This Court also has original jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1332 and is one that may be removed to this Court by Defendants pursuant to the provisions of 28 U.S.C. § 1441(b) because: (1) there is complete diversity of citizenship between Plaintiff, on the one hand, and Defendants on the other; and (2) the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

### A.    Plaintiff is a Citizen of Colorado.

9.    For diversity purposes, a person is a "citizen" of the State in which he or she is domiciled.  *Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014) ("For purposes of diversity jurisdiction, a person is a citizen of a state if the person is domiciled in that state.")  Citizenship is determined by the individual's domicile at the time that the lawsuit is filed.

- 3 -

DEFENDANTS ALPHABET, INC. AND GOOGLE, LLC'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1331, 1332, 1441, AND 1446

*Freeport-McMoRan, Inc. v. K N Energy, Inc.*, 498 U.S. 426, 428 (1991).  A person's domicile is the place that he or she resides with the intent to remain indefinitely.  *ADA Carbon Solutions (Red River), LLC v. Atlas Carbon, LLC*, 146 F.4th 1296, 1303 (2025). Residence is prima facie evidence of domicile.  *Kelleam v. Md. Cas. Co. of Balt., Md.*, 112 F.2d 940, 943 (10th Cir. 1940), *rev'd on otr. grounds*, 312 U.S. 377 (1941) ("(p)roof that a person is a resident of a state is prima facie evidence that he is a citizen thereof, and shifts the burden of showing that his domicile and citizenship is other than the place of his residence to him who alleges it.").

10.     Here, Plaintiff alleges that she is a resident of the State of Colorado.  (Ex. A, Compl., p. 1.)  Thus, at all relevant times, including the time this action was commenced, Plaintiff was a citizen of the State of Colorado within the meaning of 28 U.S.C. § 1332(a).

**B.      Defendant Alphabet, Inc. is a Citizen of Delaware and California (Not Colorado).**

11.     Defendant Alphabet is a corporation that is and was, at the time Plaintiff filed this action, not a citizen of the state of Colorado within the meaning of 28 U.S.C. § 1332(c)(1).  In determining citizenship for diversity purposes, a corporation is a citizen of the state where it is incorporated and where its principal place of business is located.  *Newsome v. Gallacher*, 722 F.3d 1257, 1267 (10th Cir. 2013).  Defendant Alphabet is a Delaware corporation with a principal place of business in Mountain View, California.  Accordingly, for purposes of diversity of citizenship, Defendant Alphabet is a citizen of Delaware and California.

**C.      Defendant Google, LLC is Not a Citizen of Colorado.**

12.     Defendant Google is a limited liability company that is and was, at the time Plaintiff filed this action, not a citizen the state of Colorado within the meaning of 28 U.S.C. § 1332(c)(1).  For purposes of diversity jurisdiction, a limited liability company shares the citizenship of all of its members.  *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1237-1238 (10th Cir. 2015).  Defendant Google is a Delaware limited liability company,

- 4 -

DEFENDANTS ALPHABET, INC. AND
GOOGLE, LLC'S NOTICE OF REMOVAL
OF ACTION PURSUANT TO
28 U.S.C. §§ 1331, 1332, 1441, AND 1446

and the sole member is XXVI Holdings Inc., a Delaware corporation with a principal place of

business in Mountain View, California.  Accordingly, for purposes of diversity of citizenship,

Defendant Google is not a citizen of Colorado.

> **D.    The Amount in Controversy Exceeds $75, 000.**

13.    Google denies any liability as to Plaintiff's claims.  However, the amount in

controversy requirement is easily satisfied because "the matter in controversy exceeds the sum of

$75,000, exclusive of interest and costs."  28 U.S.C. § 1332(a).  The jurisdictional minimum for

diversity jurisdiction is met where the plaintiff's claimed damages exceed $75,000.  *Bryant v.*

*State Farm Mut. Auto. Ins. Co.*, No. 19-CV-02252-PAB-SKC, 2019 WL 6888279, at *2

(D. Colo. Dec. 18, 2019) (citing *McPhail v. Deere & Co.*, 529 F.3d 947, 953 (10th Cir. 2008)).

14.    In *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014), the

Supreme Court recognized that, "as specified in § 1446(a), a defendant's notice of removal need

include only a plausible allegation that the amount in controversy exceeds the jurisdictional

threshold."  "Removal typically proceeds on jurisdictional allegations, not proof of jurisdictional

facts."  *Brown v. Nationwide Insurance Company*, 2023 WL 4174064, at *4 (10th Cir. 2023)

("To assess jurisdiction at the time of removal, a district court may rely on the allegations in the

complaint and the information provided in the notice of removal.")  Only if the plaintiff contests

or the court questions the allegations of the notice of removal is supporting evidence required.

*Dart Cherokee*, 574 U.S. at 89.  "[T]he defendant's amount-in-controversy allegation should be

accepted" just as a plaintiff's amount-in-controversy allegation is accepted when a plaintiff

invokes federal court diversity jurisdiction.  *Id.* at 87.  The amount claimed by the plaintiff in the

complaint generally controls and alone can be sufficient to support subject matter jurisdiction.

*Marcus Food Co. v. DiPanfilo*, 671 F.3d 1159, 1171 (10th Cir. 2011); *McPhail v. Deere & Co.*,

529 F.3d 947, 952 (10th Cir. 2008) (noting that to maintain federal court jurisdiction, "all the

plaintiff needs to do is allege an amount in excess of $75,000 and he will get his way.")

- 5 -

DEFENDANTS ALPHABET, INC. AND
GOOGLE, LLC'S NOTICE OF REMOVAL
OF ACTION PURSUANT TO
28 U.S.C. §§ 1331, 1332, 1441, AND 1446

15.     In determining whether a complaint meets the $75,000 threshold under U.S.C. section 1332(a), the Court must consider a plaintiff's alleged aggregate damages, compensatory damages, punitive damages, and attorneys' fees.  *Duran v. Marathon Asset Management, LP*, 621 Fed.Appx. 553, 554 (10th Cir. 2015) (holding that "punitive damages . . . must [be] consider[ed] when determining the amount in controversy").

16.     Here, considered together, the compensatory and punitive damages that might be awarded if Plaintiff prevails, establishes by a preponderance of the evidence that the amount in controversy exceeds $75,000.00, exclusive of interest and costs, as required by 28 United States Code section 1332(a).  Plaintiff alleges in the Complain that the "plaintiff is owed front pay, back pay and punitive damages, all of which result in much over 75,000."  (Ex. A, Compl. at 5.)

a. **Compensatory Damages.**

17.     Here, Plaintiff alleges that she "is owed front pay, back pay and punitive damages, all which result in much over 75,000."  (Ex. A, Compl., p. 5.)  As a People Consultant for Google, Plaintiff earned at the time of the termination an annual base salary of $142,000.  The termination was on January 20, 2023, almost three years ago, "as part of a reduction-in-force."  (Ex. A, Compl. at 5.)  Plaintiff's request for front and back pay alone would be well over the threshold of $75,000.00, based on her annual base salary of $142,000 and a conservative estimate that Plaintiff will ask for at least three years in back pay and one year in front pay.

18.     Plaintiff further seeks damages for emotional distress under the ADA.  (Ex. A. Compl. at 7.)  Colorado jury verdicts in similar cases exceed the minimum amount in controversy.  An award of damages for emotional distress alone can reasonably be anticipated to be far in excess of the jurisdictional minimum.  *Brooks v. Colorado Department of Corrections*, 2024 WL 1051947, at \*2 (D. Colo. Mar. 11, 2024) (approving jury award of emotional distress damages under the ADA).

DEFENDANTS ALPHABET, INC. AND GOOGLE, LLC'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1331, 1332, 1441, AND 1446

19.     Here, if Plaintiff were successful on her claims, she would more likely than not obtain an economic damages award over the jurisdictional minimum.

> **b.  Alleged Punitive Damages.**

20.     A court may consider punitive damages in calculating the amount in controversy. *Duran*, 621 Fed.Appx. at 554; *Lorenz v. Liberty Mutual Fire Insurance Company*, 2019 WL 13196666, at *2 (D. Colo. Jan. 15, 2019) ("Adding in . . . common law punitive damages, and attorney's fees, the amount in controversy here is several multiples of the jurisdictional threshold."); *Frederick v. Hartford Underwriters Ins. Co.*, 2012 WL 4511242, at *4 (D. Colo. Oct. 1, 2012) (amount in controversy met by showing that the "amount of punitive damages is possible in this case").

21.     Here, Plaintiff seeks punitive damages.  (Ex. A, Compl. at 7.)  Because Plaintiff is likely to seek more than three years of backpay (totaling more than $426,000), it is possible that Plaintiff could receive an amount in punitive damages equal to the backpay award.  *Hayes*, 401 F.Supp.3d 1194, 1206 (D. Colo. 2019) (approving a punitive damages award of $150,000 under the ADA, which was equal to the backpay award).

22.     Accordingly, it is "more likely than not" that the amount in controversy exceeds $75,000, exclusive of costs and interest, as required by 28 U.S.C. § 1332(a).

## V.     VENUE

23.     Venue is proper in this district pursuant to 28 U.S.C. §§ 1441(a) because this district includes the County Court of Boulder County, Colorado, the court within which the State Action is pending.

## VI.     STATE COURT NOTIFIED

24.     In accordance with 28 U.S.C. § 1446(d), copies of the original Notice of Removal are being served on Plaintiff and filed with the County Court of Boulder County, Colorado.

- 7 -

DEFENDANTS ALPHABET, INC. AND
GOOGLE, LLC'S NOTICE OF REMOVAL
OF ACTION PURSUANT TO
28 U.S.C. §§ 1331, 1332, 1441, AND 1446

## VII.    PRAYER

WHEREFORE, pursuant to these statutes and in accordance with the procedures set forth in 28 U.S.C. §1446, Defendant prays that the above-captioned action in the County Court of Boulder County, Colorado be removed to this Court.

Respectfully submitted,

*/s/ Jesse Sutz*

Dated:  January 2, 2026

Jesse Sutz (CO Bar Number 52395)
Brian L. Johnsrud (CA Bar Number 184474)
Daniel E. Lassen (CA Bar Number 271446)[1]
**DUANE MORRIS LLP**
260 Homer Avenue, Suite 202
Palo Alto, California 94301-2777
Telephone:    +1 650 847 4150
Facsimile:    +1 650 847 4151
Email:          JDSutz@duanemorris.com
                    BJohnsrud@duanemorris.com
                    DELassen@duanemorris.com

Attorneys for Defendants
ALPHABET, INC. and
GOOGLE, LLC

---

[1] Lassen's status of admission to the Court is currently pending.

- 8 -

DEFENDANTS ALPHABET, INC. AND
GOOGLE, LLC'S NOTICE OF REMOVAL
OF ACTION PURSUANT TO
28 U.S.C. §§ 1331, 1332, 1441, AND 1446

## PROOF OF SERVICE

I am a resident of the State of California and over the age of eighteen years, and not a party to the within action; my business address is 260 Homer Avenue, Suite 202, Palo Alto, California 94301-2777.

On January 2, 2026, I served the within document(s):

**DEFENDANT ALPHABET, INC. AND GOOGLE, LLC'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1331, 1332, 1441, AND 1446**

☐    by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☒    by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Palo Alto, California addressed as set forth below.

☐    by placing the document(s) listed above in a sealed Federal Express envelope and affixing a pre-paid air bill and causing the envelope to be delivered to a Federal Express agent for overnight delivery.

☐    by causing the document(s) listed above to be personally delivered to the person(s) at the address(es) set forth below.

☒    by transmitting via electronic mail the document(s) listed above to each of the person(s) as set forth below.

Mandy Smith                **Plaintiff**
2017 Aster Lane
Lafayette, Colorado 80026
Email: mandyn21@hotmail.com

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

- 9 -

DEFENDANTS ALPHABET, INC. AND
GOOGLE, LLC'S NOTICE OF REMOVAL
OF ACTION PURSUANT TO
28 U.S.C. §§ 1331, 1332, 1441, AND 1446

Executed on January 2, 2026, at Palo Alto, California.

I declare under penalty of perjury, under the laws of the State of California, that the above is true and correct.

_____

Andrew Hanna

DEFENDANTS ALPHABET, INC. AND
GOOGLE, LLC'S NOTICE OF REMOVAL
OF ACTION PURSUANT TO
28 U.S.C. §§ 1331, 1332, 1441, AND 1446