IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 26-cv-00006-PAB-SBP

MANDY SMITH,

Plaintiff,

v.

ALPHABET, INC., a Delaware corporation, and
GOOGLE LLC, a Delaware limited liability company,

Defendants.

---

**ORDER**

---

This matter comes before the Court on defendants' Motion to Dismiss [Docket No. 18] pursuant to Fed. R. Civ. P. 12(b)(6), which has been fully briefed. Docket Nos. 24, 25. The Court has jurisdiction pursuant to 28 U.S.C. § 1331. The Motion is granted for the reasons stated below.

## I. BACKGROUND

According to the amended complaint, plaintiff was 45 when defendants terminated her from her position as a People Consultant on January 20, 2023 as part of a reduction in force. Docket No. 16 at 2-3, ¶¶ 2, 8. She asserts two claims against defendants: (1) age discrimination under the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 623(a), and (2) retaliation under the ADEA, 29 U.S.C. § 623(d). *Id.* at 10-11.

As to her discrimination claim, plaintiff asserts that "Defendants retained substantially younger, less experienced employees and selected [her] for termination

under circumstances giving rise to an inference of age discrimination, including age-based statements that [she] was 'the oldest on the team.'" *Id*. at 10, ¶ 47. As to her retaliation claim, plaintiff asserts that she "engaged in protected activity[,] including raising concerns internally, escalating to ER and senior HR leadership, and initiating EEOC activity beginning in October 2022." *Id.* at 11, ¶ 51.

After filing a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC"), plaintiff received a right to sue letter in August 2025. *Id.* at 9, ¶¶ 39-40. In her first amended complaint, plaintiff alleges that, if she missed the 90-day filing deadline to initiate this lawsuit, "equitable tolling applies due to extraordinary circumstances outside Plaintiff's control and Plaintiff's diligent pursuit of rights." *Id.* at 10, ¶ 43 (emphasis omitted). Specifically, plaintiff asserts that she "pursued her claims diligently and attempted to obtain clarification from the EEOC regarding the filing deadline" and that her "ability to obtain timely agency clarification was impaired by a federal government shutdown and EEOC non-responsiveness despite Plaintiff's diligence." *Id.* at 9, ¶¶ 41-42.

## II. LEGAL STANDARD

To defeat a motion to dismiss under Rule 12(b)(6), the complaint must allege a "plausible" right to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 569 n.14 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In evaluating a motion to dismiss under Fed. R. Civ. P.

12(b)(6), a court must accept as true all well-pleaded factual allegations in the complaint, view those allegations in the light most favorable to the plaintiff, and draw all reasonable inferences in the plaintiff's favor. *Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 757 F.3d 1125, 1136 (10th Cir. 2014); *Mink v. Knox*, 613 F.3d 995, 1000 (10th Cir. 2010). However, conclusory allegations are insufficient, *Cory v. Allstate Ins.*, 583 F.3d 1240, 1244 (10th Cir. 2009), and courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (citation omitted).

## III. ANALYSIS

Defendants have moved to dismiss plaintiff's complaint on the grounds that (1) her claims are time-barred, (2) equitable tolling does not apply, (3) plaintiff failed to exhaust administrative remedies, and (4) she waived her claims by signing a release. Docket No. 18 at 4-14. The Court finds the first three grounds justify dismissing this case.[1]

First, there is no dispute that the deadline to file her complaint within the 90-day filing period was November 27, 2025 and that plaintiff filed her complaint after the deadline. Docket No. 6 at 7. The 90-day filing period begins once plaintiff receives a "right to sue" letter from the EEOC. *Panicker v. Compass Grp. U.S.A. Inc.*, 712 F. App'x 784, 785 (10th Cir. 2017) (unpublished). The 90-day filing period is statutory, *see* 29 U.S.C. § 626(e), and functions as a statute of limitations subject to waiver, estoppel, and equitable tolling. *Million v. Frank*, 47 F.3d 385, 389 (10th Cir. 1995); *Fields v. TIAA*,

---

[1] The Court reviews plaintiff's pro se filings liberally and holds them to a less stringent standard than those drafted by attorneys. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Trackwell v. United States Government*, 472 F.3d 1242, 1243 (10th Cir. 2007).

No. 19-cv-01904-PAB-SKC, 2020 WL 4754099, at *1 (D. Colo. Aug. 17, 2020). Plaintiff seeks to avoid the effect of her late filing by alleging grounds for equitable tolling.

Second, the Court finds that plaintiff has not alleged facts that plausibly establish a valid basis for equitable tolling. Generally, equitable tolling is available "only if the circumstances of the case 'rise to the level of active deception which might invoke the powers of equity.'" *Cochran v. Raytheon Aircraft Co.*, 2003 WL 1786873, at *2 (D. Kan. 2003) (quoting *Cottrell v. Newspaper Agency Corp.*, 590 F.2d 836, 838-39 (10th Cir. 1979)). Equitable tolling may also apply if a plaintiff is "lulled into inaction by her past employer, state or federal agencies, or the courts" or "has in some extraordinary way been prevented from asserting his or her rights." *Mesquida v. Whole Foods Mkt. Rocky Mountain/Sw., L.P.*, No. 12-cv-02245-LTB-BNB, 2013 WL 6168844, at *2 (D. Colo. Nov. 25, 2013) (quoting *Biester v. Midwest Health Servs., Inc.*, 77 F.3d 1264, 1267 (10th Cir. 1996)). But "principles of equitable tolling do not extend to 'garden variety' claims of excusable neglect." *Id.* (citing *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990)).

Here, plaintiff points to "a federal government shutdown" and the EEOC's "non-responsiveness" in her complaint, but fails to explain how these circumstances prevented her from meeting the filing deadline. Docket No. 16 at 9, ¶ 42. In her response, plaintiff insists that she "repeatedly contacted the EEOC requesting her case file, clarification of her rights, and confirmation of the status of her claims." Docket No. 24 at 10. She fails to explain, however, how any action or inaction by the EEOC prevented her from timely filing suit. *See Cochran*, 2003 WL 1786873, at *3 ("Plaintiff's allegation that he did not timely file a lawsuit because the EEOC failed to respond to his

letter is not a sufficient ground for equitable tolling.”).

Moreover, the Notice of Right to Sue letter that plaintiff received from the EEOC in August 2025 informed her that the “90-day period for filing a private lawsuit cannot be waived, extended, or restored by EEOC.” Docket No. 18-8 at 2. Nevertheless, plaintiff claims that she was awaiting “reconsideration and administrative clarification.” Docket No. 24 at 11. Plaintiff has not shown she had a reasonable basis for disregarding the EEOC’s explicit warning about the filing deadline. She also alleges that she “attempted to obtain clarification from the EEOC regarding the filing deadline” and that her “ability to obtain timely agency clarification was impaired by a federal government shutdown and EEOC non-responsiveness.” Docket No. 16 at 9, ¶¶ 41-42. These allegations are insufficient to show that she “was lulled or misled into inaction.” *Mesquida*, 2013 WL 6168844, at *3; *see also Montoya v. Chao*, 296 F.3d 952, 958 (10th Cir. 2002) (affirming district court’s determination that the “bureaucratic runaround” the plaintiff claimed to have experienced was not enough to show that he was actively deceived or to merit equitable tolling) (internal quotation omitted); *Jones v. Next Day Motor Freight, Inc.*, 64 F. App’x 737, 739 (10th Cir. 2003) (unpublished) (finding no indication of active deception warranting equitable tolling where EEOC informed the plaintiff of the limitations period). The filing deadline would be a mirage if it could be circumvented merely by asking the EEOC to reconsider its “no action” determination.

Finally, even if plaintiff had timely filed this lawsuit, the Court finds her claims would be barred because she failed to exhaust her administrative remedies. Pursuant to the exhaustion rule, “a plaintiff’s claim in court is generally limited by the scope of the administrative investigation that can reasonably be expected to follow the charge of

discrimination submitted to the EEOC." *Sanderson v. Wyo. Highway Patrol*, 976 F.3d 1164, 1170 (10th Cir. 2020) (internal quotation, alternations, and citation omitted). Here, plaintiff's Charge of Discrimination states as follows:

> On or about March 17, 2023, the above-named employer offered multiple employees, including myself, a severance agreement. The employer did not send the agreement to me directly, but to a portal they owned and managed. I could not access this portal without a password, which I did not have. There was no way to set this up on my end directly; to troubleshoot, I could only contact Google Helpdesk. It was over 15 days before the helpdesk was able to reset my password. I asked them to send the agreement to my personal email and they would not. I asked them to add additional time given they owned and managed this portal. I informed them that providing me fewer than 45 days to review the agreement was against the law. I provided documentation proving I did not have a password and my attempts to get a password. I was still held to the same deadline, May 2, 2023.
>
> By law, based on my age, 45, I have 45 days to review the separation agreement. I did not have 45 days to review the agreement because of these issues with the employer's portal.
>
> I believe I was discriminated against because of my age (45), in violation of the Age Discrimination in Employment Act of 1967, as amended.

Docket No. 18-2 at 2. The first amended complaint in this case asserts a discrimination claim based on "statistically disproportionate selection of employees age 45+ for termination" and a retaliation claim based on plaintiff "raising concerns internally, escalating to ER and senior HR leadership." Docket No. 16 at 10-11, ¶¶ 48, 51. Because the Charge of Discrimination did not mention or allege any facts about the discrimination and retaliation claims set forth in the complaint, the Court finds plaintiff failed to exhaust her administrative remedies with respect to these claims.

Plaintiff's contention that defendants were aware of her discrimination and retaliation claims, even if they were not raised in the Charge of Discrimination, is also unavailing. Under Tenth Circuit precedent, it is clear "that the reasonable and likely

scope of the investigation is determined by the allegations contained in the Charge itself, rather than in the Charge and any responsive documents." *Sanderson*, 976 F.3d at 1170 (emphasis at citation omitted).

Because plaintiff filed suit beyond the 90-day period and there are no grounds for equitable tolling and, alternatively, because she failed to exhaust administrative remedies for the claims she advances here, her claims must be dismissed.

## IV. CONCLUSION

It is therefore

**ORDERED** that defendants' Motion to Dismiss [Docket No. 18] is **GRANTED**. It is further

**ORDERED** that plaintiff's claims in the amended complaint, Docket No. 16, are **DISMISSED with prejudice**. It is further

**ORDERED** that this case is closed.

DATED September 10, 2026.

BY THE COURT:

Philip A. Brimmer
United States District Judge